IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02153-BNB

JEREMY NECHOL DENISON,

Applicant,

v.

PAM PLOUGHE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 0 9 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Jeremy Nechol Denison, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Denison filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Chaffee County District Court case number 95CR22.

On December 7, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On December 11, 2009, Magistrate Judge Boland granted Respondents' motion to file a motion to dismiss limited to addressing the affirmative defense of timeliness in lieu of filing a Pre-Answer Response. On December 17, 2009, Respondents filed a Motion to Dismiss Application for Writ of Habeas Corpus arguing

that the application is barred by the one-year limitation period in 28 U.S.C. § 2244(d). On March 1, 2010, Mr. Denison filed a response to the motion to dismiss.

The Court must construe the application and other papers filed by Mr. Denison liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will grant the motion to dismiss and dismiss the action as barred by the one-year limitation period.

Mr. Denison was convicted by a jury of first degree murder after deliberation, felony murder, aggravated robbery, and distribution of marijuana. On direct appeal, the Colorado Court of Appeals affirmed in part, vacated in part, and remanded with directions to enter an amended judgment of conviction on one count of first degree murder after deliberation, one count of aggravated robbery, and distribution of marijuana. *See People v. Denison*, No. 95CA1972 (Colo. Ct. App. Apr. 10, 1997) (unpublished). On November 6, 1997, the Colorado Supreme Court denied Mr. Denison's petition for writ of certiorari on direct appeal and the mandate issued on November 17, 1997.

On July 7, 2003, Mr. Denison filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. The trial court denied relief and that order was affirmed on appeal. *See People v. Denison*, No. 05CA2764 (Colo. Ct. App. Mar. 13, 2008) (unpublished). The Colorado Court of Appeals determined that the Rule 35(c) motion was untimely with respect to Mr.

Denison's aggravated robbery and marijuana convictions, which were subject to a three-year statute of limitations under state law; that the Rule 35(c) motion was timely with respect to the first degree murder conviction because there is no time limit under state law for collateral attacks on class one felonies; and that the claims challenging the first degree murder conviction properly were rejected. *See id.* On October 6, 2008, the Colorado Supreme Court denied Mr. Denison's petition for writ of certiorari in the state court postconviction proceedings.

The instant application was filed on November 10, 2009. Mr. Denison asserts the following thirteen claims for relief:

1. He was denied a fair trial based on prosecutorial misconduct during his cross-examination.

2. He was denied a fair trial based on prosecutorial misconduct during closing arguments.

3. He was denied a fair trial based on prosecutorial misconduct in injecting sympathy and emotions into the trial.

4. Trial counsel was ineffective by failing to adequately present a defense based on steroid rage.

5. Trial counsel was ineffective by failing to call three endorsed witnesses.

6. Trial counsel was ineffective by failing to move for a mistrial during jury deliberations.

7. Trial counsel was ineffective by failing to object to the use of inadmissable evidence.

8. Trial counsel was ineffective by failing to investigate and request an intoxication defense instruction.

9. The cumulative effect of trial counsel's errors amounted to ineffective assistance of counsel.

10. He was denied a fair trial by the trial court's failure to sever the murder and drug charges.

11. He was denied a fair trial by the trial court's error in admitting evidence of prior bad acts.

12. Trial counsel was ineffective by failing to adequately seek the exclusion of illegally obtained evidence.

13. The trial court erred in denying the postconviction Rule 35(c) motion without a hearing.

The Court notes initially that Mr. Denison's thirteenth claim relates to the state court postconviction proceedings and not the validity of his conviction or sentence. As a result, that claim must be dismissed because there is no federal constitutional right to postconviction review in state court. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Therefore, the thirteenth claim will be dismissed for failure to raise a cognizable federal constitutional issue.

As noted above, Respondents argue in their motion to dismiss that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d), which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

>   to the judgment of a State court. The limitation period shall
>   run from the latest of—
>
>   > (A) the date on which the judgment became
>   > final by the conclusion of direct review or the
>   > expiration of the time for seeking such review;
>   >
>   > (B) the date on which the impediment to filing
>   > an application created by State action in
>   > violation of the Constitution or laws of the
>   > United States is removed, if the applicant was
>   > prevented from filing by such State action;
>   >
>   > (C) the date on which the constitutional right
>   > asserted was initially recognized by the
>   > Supreme Court, if the right has been newly
>   > recognized by the Supreme Court and made
>   > retroactively applicable to cases on collateral
>   > review; or
>   >
>   > (D) the date on which the factual predicate of
>   > the claim or claims presented could have been
>   > discovered through the exercise of due
>   > diligence.
>
>   (2) The time during which a properly filed application for
>   State post-conviction or other collateral review with respect
>   to the pertinent judgment or claim is pending shall not be
>   counted toward any period of limitation under this
>   subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Denison's conviction became final. In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to Rules 13.1 and 13.3 of the Rules of the Supreme

Court of the United States, Mr. Denison had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on November 6, 1997, but he did not do so. Therefore, the Court finds that Mr. Denison's conviction became final on February 4, 1998, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired. Mr. Denison concedes in his response to the motion to dismiss that his conviction became final in February 1998. (*See* Pet'r Resp. to Mot. to Dismiss at ¶6.)

The Court also finds that the one-year limitation period began to run on February 4, 1998 because Mr. Denison does not allege he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his federal constitutional claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D). Therefore, unless the one-year limitation period was tolled for some period of time, it expired on February 4, 1999, one year after Mr. Denison's conviction became final.

The next question the Court must answer is whether the state court postconviction proceedings initiated by Mr. Denison in July 2003 tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws

and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Mr. Denison argues in his response to the motion to dismiss that the one-year limitation period was tolled while the postconviction proceedings he initiated in July 2003 were pending in state court. He specifically argues that the state court postconviction proceedings tolled the one-year limitation period because he is required to exhaust state remedies before seeking relief in federal court and the postconviction Rule 35(c) motion was timely under state law.

Respondents argue, and the Court agrees, that the one-year limitation period was not tolled pursuant to § 2244(d)(2) while the postconviction Rule 35(c) motion filed on July 7, 2003 was pending because that motion was filed after the one-year limitation period already had expired on February 4, 1999. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). The fact that Mr. Denison's postconviction Rule 35(c) motion was timely under state law, at least with respect to his first degree murder conviction, does not mean the motion automatically tolls the one-year limitation period under federal law. Therefore, the Court finds that claims one through twelve are time-barred in the absence of some other reason to toll the one-year limitation period.

Although not argued by Respondents, the Court also finds that claims one through twelve are time-barred even if the one-year limitation period did not begin to run until the conclusion of the state court postconviction proceedings as Mr. Denison apparently argues. As noted above, the state court postconviction proceedings concluded on October 6, 2008, when the Colorado Supreme Court denied Mr. Denison's petition for writ of certiorari. However, Mr. Denison did not file an application for a writ of habeas corpus in this action until November 10, 2009, which was more than a year after the state court postconviction proceedings concluded.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on

time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Denison fails to allege any facts that might justify equitable tolling of the one-year limitation period and he fails to allege that he has pursued his claims diligently. Therefore, the Court finds that equitable tolling is not appropriate and claims one through twelve will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that Respondent's Motion to Dismiss Application for Writ of Habeas Corpus is granted. It is

FURTHER ORDERED that claim thirteen is dismissed for failure to raise a federal constitutional claim. It is

FURTHER ORDERED that claims one through twelve are dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed. It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 9th day of March , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02153-BNB

Jeremy Nechol Denison
Prisoner No. 87654
Colorado Territorial Corr. Facility
P.O. Box 1010
Cañon City, CO 81215-1010

Jennifer A. Berman
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/9/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk